1. CELESTIAL CHURCH OF CHRIST
   U.S.A DIOCESE

2. JOSEPH OLORUNNISOLA                    SUIT NO:21-cv-2216

        Plaintiffs

                :

    vs.                :      JURY TRIAL DEMANDED

                :

1. KUNLE AKINDUDE

2. VICTOR OMOSHEHIN

        Defendants

                :

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiffs, by counsel, and complains of Defendants as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §
1332(a)(1) because Plaintiffs and Defendants are citizens of different states and
the amount in controversy exceeds $ 100,000.00.

2.      This Court has personal jurisdiction over the Defendants because the false and
defamatory statements made by Defendants were published in the State of New York, and
online to the world at large, targeted the Plaintiffs, including the Second Plaintiff and
members of the 1st Plaintiff church with untrue defamatory statements.

3.      This Court has venue under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events

that gave rise to Plaintiff's claims touched on and affected the Plaintiffs and the members of the first Plaintiff church in the State of New York, including the publication or republication of the defamatory and untrue or false article(s) and the damage to Plaintiffs' reputation, standing and character in the case of the Second Plaintiff.


## PARTIES

4.     The first Plaintiff is a not for profit spiritual, evangelical and religious organization organized in the State of Delaware and has about 90 parishes in 25 states in the U.S.A and about 6,000 members, inclusive of New York State, where the first Plaintiff has about 9 parishes.

5.     The second Plaintiff, Joseph Olorunnisola, is the Spiritual Head of the Celestial Church of Christ, U.S.A Diocese, a Citizen of the United States and a resident of the State of New Jersey and with his address at 46 Weber Avenue, Trenton New Jersey 08638.

6.     The second Defendant Kunle Akindude is, and at all times relevant hereto, a resident of the state of New York who lives at 55 Norwood Avenue, Staten Island, New York, and a member of the Celestial Church.

7.     The second Defendant, Victor Omoshehin is a member of the Celestial Church of Christ, and a resident of the State of New York, residing at 1771 Monroe Avenue, Apt. 8C Bronx, New York.


## FACTUAL STATEMENTS

8.     This case is about repeated acts of defamation, libel and libel per se committed by the defendants in several online publications and broadcasts.

9.     On April 12th, 2021, the First Defendant in a post published on celestialnewsonline.com referring to the Second Plaintiff stated as follows: "...Olorunnisola has amassed enough wealth from the coffers of the members of CCC".

10.    On April 12th, 2021, the First Defendant in a post published on celestialnewsonline.com referring to the First and Second Plaintiff, stated as follows: "They had a convention

where innocent members were charged $600 and only got back $300 when they cannot get a visa this is nothing but fraud" (sic ).

11. On April 16th, 2021, the First Defendant in a post published on celestialnewsonline.com referring to the Second Plaintiff, stated as follows: "Let me say here that money is the main reason people are refusing very direct orders. It should be noted that sooner or later the authorities will wade into these fraudulent activities going on in our midst".

12. On April 16th, 2021, the First Defendant in a post published on celestialnewsonline.com referring to the Second Plaintiff, stated as follows: "...Olorunnisola who left Nigeria under dubious circumstances is now enbolding these Shepherds to turn them instant criminals"( sic).

13. On or about March 24th, 2021, the Second Defendant, Victor Omoshehin wrote on a facebook post referring to the Second Plaintiff, Joseph Olorunnishola and his office as the "Head of Diocese" as follows:  "Hand-over will be tough to do in an office full of corruption, manipulation and secrecy"

14. These libelous statements were made without any basis in fact and solely to disparage and embarrass the First and Second Plaintiffs. Copies of these posts are attached hereto and marked Exhibits "A1-A3".

15. The statements contained in the posts were false in that the Second Plaintiff did none of the despicable things the Defendants in their said article claimed, the issues alleged are not true and the same was intended to cause harm and ill thoughts of the Plaintiffs.

16. Defendants made the false statements of facts in the article in order to cause the Plaintiffs' harm.

17. These posts have been further shared with other people (unknown to Plaintiffs) and will likely continue to be published in the future, and would cause people to think ill of Plaintiffs and hurt their reputation.

18.     These posts have been viewed by over a hundred thousand people and has lowered the estimation of the Plaintiffs in the eyes of the general public who understood its libelous meaning and that the posts referred to Plaintiffs and has caused harm to Plaintiffs' reputation and status.

## FIRST CAUSE OF ACTION – LIBEL

19.     The allegations contained in paragraphs 1 – 18 above, are repeated as if fully rewritten herein.

20.     The statements contained in the posts published by Defendants are false and untrue.

21.     Defendants knew the statements to be false and untrue, and Defendants acted intentionally in causing the publications to be published.

22.     Defendants were negligent, wanton, careless and/or acted recklessly knowing that the statements contained in the publication were false and untrue before publishing it.

23.     As specified below, Plaintiffs were injured and damaged by the publishing of these posts.

## SECOND CAUSE OF ACTION – LIBEL PER SE

The Plaintiffs hereby repeats and re-alleges each and every allegation in paragraphs 1 through 18 as if fully set forth herein.

24. The first and Second Defendants published or caused to be published defamatory statements about the Plaintiffs.

25. These defamatory statements were untrue and defamatory in that they falsely reported the Second Plaintiff's character, and the first and second Defendants knew, or should have known such statements were false.

26. The first and second Defendants published or caused the statements to be published with malice and with knowledge of their falsity and/or a reckless disregard for the truth or falsity of these statements.

27. These statements constitute Defamation and/or libel per se because they falsely impugn the Second Plaintiff's Character and dependability, and have caused the 2nd Plaintiff embarrassment, humiliation, ridicule and emotional injury.

28. As a result of the said defamation, the Second Plaintiff continues to suffer from humiliation, loss of standing in society, Professional disrepute, loss of self esteem, public disgrace, severe and extreme emotional distress.

29. As a result of the conduct of the first and second Defendants, the Plaintiffs are entitled to monetary and punitive damages.

## THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The allegations contained in paragraphs 1 – 18, above, are repeated as if full rewritten herein.

31. By the act of publishing the article, Defendants intended to cause harm to Second Plaintiff who suffered physical, mental, economic harm and emotional distress.

32. The Defendants intentionally caused the posts to be published with reckless disregard of the probability that doing so will cause emotional distress to the Second Plaintiff.

33. The actions of the Defendants caused Second Plaintiff to suffer mental anguish and emotional distress and he was injured thereby.

## FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. The allegations contained in paragraphs 1 – 18, above, are repeated as if fully rewritten herein.

35.     The mental anguish and emotional distress suffered by Second Plaintiff are serious or severe.

36.     Second Plaintiff was injured by the actions of the Defendants as demonstrated below.


## FIFTH CAUSE OF ACTION – PUNITIVE DAMAGES

37.     The allegations contained in paragraphs 1 – 18, above, are repeated as if fully rewritten herein.

38.     The actions of the Defendants were wanton, reckless and willful.

39.     The Defendants published the posts with reckless disregard and indifference knowing that the statements contained in the publications were false and untrue before publishing it.

40.     As specified below, the actions of the Defendants has caused tremendous injury to Plaintiffs.


## SIXTH CAUSE OF ACTION- PRELIMINARY AND PERMANENT INJUNCTION

PLAINTIFFS restate and re-aver each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

41.  Upon information and belief, some or all of the improper and unlawful conduct of all the DEFENDANTS alleged above is continuing and will continue in the future absent injunctive relief from the Court, and PLAINTIFFS will continue to be damaged by the same.

42. In the absence of the entry of a Preliminary and Permanent Injunction by the court, Plaintiffs will suffer serious and irreparable harm and injury, including but not limited to damage of their respective reputations.

43. The entry of a Preliminary and Permanent Injunction will not unduly harm or burden the Defendants.

44. Public policy favors the entry of a Preliminary and Permanent Injunction because, inter

alia, such relief will prevent unlawful conduct and will preserve and protect PLAINTIFFS'
respective reputations.

## SEVENTH CAUSE OF ACTION- PUNITIVE DAMAGES

Plaintiffs restate and re-aver each and every allegation contained in the preceding paragraphs of this
Complaint as if fully set forth herein.

45. Defendants' aforementioned conduct was conscious, deliberate, intentional, and/or reckless in
    nature.

46. Defendants' aforementioned conduct was undertaken in a state of mind, which evidences
    hatred, ill will, or a spirit of revenge.

47. Defendants' aforementioned conduct evidences a conscious disregard for the rights of other
    persons and has a great probability of causing substantial harm.

48. As a result, Plaintiffs are entitled to punitive damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, THE Plaintiffs, pray that this Court enters judgment in their favor and against the
First and Second Defendants as follows:

A. An Injunction and Order permanently restraining the Defendants from engaging in such
   unlawful conduct.

B. An award of damages in excess of twenty million dollars ($20,000,000.00) as against the First and
   Second Defendants jointly and severally to compensate the Plaintiffs for all monetary and
   economic harm, including irreparable damage to their reputation and standing.

C.  An award of damages in an amount to be determined at trial, as against the First and Second

Defendants plus prejudgment interest, to compensate the Plaintiffs for all non-monetary or

economic loss, and compensation to the Second Plaintiff for mental anguish, emotional distress,

depression and a myriad of health problems.

D.  An award of punitive damages as against the First and Second Defendants.

E.  Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues of fact and damages stated

herein.

Dated this 21st day of April, 2021.

Ike Agwuegbo
Ike Agwuegbo & Co. P.C
575 Lexington Avenue,
4th Floor, New York,
N.Y. 10022